UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **DOMINIC ALVORD** § | |
| **AND MICHELLE ALVORD** § | |
| § | |
| PLAINTIFFS, § | |
| § | |
| V. § | |
| § | |
| **KENNETH WILKE, JAVIER SANCHEZ,** § | CASE NO. 3:17-CV-615-J-32MCR |
| **CLIFF HIRL, FREDERICKSBURG POLICE** § | |
| **DEPARTMENT, KERRVILLE POLICE** § | |
| **DEPARTMENT, CITY OF FREDERICKSBURG,** § | |
| **CITY OF KERRVILLE, 6 OR 7 JOHN DOES,** § | |
| § | |
| DEFENDANTS. § | |
| § | |

## DEFENDANTS' OPPOSED MOTION TO TRANSFER VENUE AND/OR MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE TIMOTHY J. CORRIGAN:

**NOW COME** Officer **KENNETH WILKE** (former officer of the City of Kerrville), Officer **JAVIER SANCHEZ** (Fredericksburg Police Department), Officer **CLIFF HIRL** (Fredericksburg Police Department), **FREDERICKSBURG POLICE DEPARTMENT, KERRVILLE POLICE DEPARTMENT, CITY OF FREDERICKSBURG, CITY OF KERRVILLE**, Defendants in the above entitled and numbered cause and files this their Motion for Change of Venue pursuant to 28 U.S.C. § 1404(a) and/or in the alternative, Motion to Dismiss pursuant to 28 U.S.C. § 1391 and in support thereof would respectfully show unto the Court the following:

# I.
# IMPROPER VENUE

Defendants would show unto the Court that Plaintiffs' claims are brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1965, as well as what can be inferred as Civil Rights violations under 42 U.S.C. §1983.  Defendants assert that under the special venue statute of RICO as well as the general venue statute of 28 U.S.C. § 1391(b), venue is appropriate in three specific places:

(1) A judicial district where any defendant resides, if all defendants reside in the same state.

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or,

(3) A judicial district in which any defendant may be found.

*Modaressi v. Vedadi,* 441 F.Supp.2d 51, 55 (D.D.C. 2006); *Jones v. Bales*, 58 F.R.D. 453, N.D. GA. 1972, aff'd per curium 480 F.2d 805 (5th Cir. 1973)

When a civil rights action is filed in the wrong venue, the court presiding in that venue has the discretion to:

(1) dismiss the compliant without prejudice to its filing in the correct venue; or

(2) transfer the complaint to the correct venue.

*McClintock v. Sch. Bd. E. Feliciana Par*. 299 F.Appx. 363, 366 (5th Cir. 2008).

# II.

Defendants Motion to Transfer Venue is governed by 28 U.S.C. § 1404(a) which permits changes of venue within the unified federal judiciary.  See, *American Aircraft Sales International, Inc. v. Airwarsaw, Inc*., 55 F.Supp.2d 1347 (M.D. Fla. 1999).  For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought.  The question of whether to transfer venue is a two-prong inquiry, which first requires that the alternative venue be one in which the

action could have originally have been brought by the Plaintiff. The second prong requires Courts to balance private and public factors to determine if transfer is justified. The Courts rely on a number of factors including:

(1) The convenience of the witnesses;

(2) The location of relevant documents and the relative ease of access to sources of proof;

(3) The convenience of the parties;

(4) The locus of operative facts;

(5) The availability of process to compel the attendance of unwilling witnesses;

(6) The relative means of the parties;

(7) A forms familiarity with the governing law.

(8) The weight accorded the plaintiff's choice of forum and,

(9) Trial efficiency and interest of justice based on the totality of circumstances.

*Manuel v. Convergys Corp*., 430 F.3d 1132, 1135 (11th Cir. 2005).

The first prong of the analysis, is concluded in favor of venue being transferred to Texas, since all the defendants live in the State of Texas and the nucleus of operative facts of which Plaintiff's Complaint is based is in the State of Texas. Therefore, Plaintiffs could have filed their cause of action in the Western District of Texas, San Antonio Division. The second prong requires the court to balance private and public factors to determine if transfer is justified. Defendants would show unto the Court that the distance between San Antonio, Texas and Jacksonville, Florida is approximately 1,065 miles. Defendants assert that the first seven factors weigh in favor of transfer of venue since the convenience of witnesses, all of which would be in the San Antonio, Texas and outlying areas with the exception of the plaintiffs would be a convenience for the parties;

the location of relevant documents and relative ease of access to resources of proof are located in Kerrville, Texas and Fredericksburg, Texas; (3) the convenience of the parties, with the exception of Plaintiffs, if indeed they reside in Florida, is all in the State of Texas; (4) the locus of operative facts is in Kerrville, Texas and Fredericksburg, Texas; (5) the availability of process to compel attendance of unwilling witnesses would be in the San Antonio/Austin, Texas area; (6) the relative means of the parties weigh in favor of the Defendants who are all law enforcement officers and employees of governmental entities; (7) a forms familiarity with governing law being the State of Texas would be in the Western District, San Antonio Division of Texas.

The eighth factor weighted accorded to Plaintiff's choice of forum weighs in favor of the Defendants since their choice of forum was in error and could be the subject of this Court's dismissal without prejudice of their cause of action and (9) the trial efficiency and interest of Justice based on the totality of circumstances weighs in favor of transfer of venue to the United States District Court for the Western District of Texas, San Antonio Division. *Callwood v. Phenix City*, 2016 W.L. 1122681 (M.D. Al. March 22, 2016)(not published); *Central Money Mortg. Co., (IMC), Inc. v. Holman*, 122 F.Supp.2d 1345, 1347 (M.D. Fl. 2000). Defendants move the Court to transfer venue to the Western District of Texas, San Antonio Division. Defendants in this case are the City of Kerrville and its employee and the City of Fredericksburg and its employees. For the City of Kerrville, venue is proper in the San Antonio Division and the venue for the City of Fredericksburg is the Austin Division. Defendants move the Court to transfer venue to the Western District of Texas, San Antonio Division.

### III.

### CERTIFICATE OF CONFERENCE

Counsel has conferred with Plaintiffs' regarding the motion to transfer venue and the Plaintiffs are opposed to said motion.  Therefore, this motion is being submitted to the Court for disposition.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **OFFICER WILKE, OFFICER SANCHEZ, OFFICER HIRL, FREDERICKSBURG POLICE DEPARTMENT, KERRVILLE POLICE DEPARTMENT, CITY OF FREDERICKSBURG, CITY OF KERRVILLE** pray that that the Court grant Defendants' Motion to Transfer Venue to the Western District of Texas, San Antonio Division and/or in the alternative, to dismiss Plaintiffs' cause of action without prejudice for filing with improper venue and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email:  csfrigeriolaw@sbcglobal.net
             frigeriolaw1995@sbcglobal.net

BY: //s//Charles S. Frigerio
       CHARLES S. FRIGERIO
       Texas Bar No.:  07477500
       **LEAD COUNSEL**

*Dominic Alvord, et al v. Kenneth Wilke, et al*                                                                      Civil Action No. 3:17-CV-615-J-32MCR
Defendants' Motion to Transfer Venue                                                                                                           Page 5

>Mr. Joseph R. Flood
>**DEAN, RINGERS, MORGAN & LAWTON, P.A.**
>201 East Pine Street, Suite 1200
>Orlando, Florida 32801
>Email: JFlood@drml-law.com
>LOCAL COUNSEL
>
>ATTORNEYS FOR DEFENDANTS
>KENNETH WILKE, JAVIER SANCHEZ, CLIFF HIRL, FREDERICKSBURG POLICE DEPARTMENT, KERRVILLE POLICE DEPARTMENT, CITY OF FREDERICKSBURG, CITY OF KERRVILLE, 6 OR 7 JOHN DOES,

### CERTIFICATE OF SERVICE

 I hereby certify that on the 25th day of July, 2017, I filed the foregoing Defendants' Motion To Transfer Venue with the Clerk of the Court via the CM/ECF Filing System which will send electronic delivery to counsel of record and via U.S. Mail to the Non-ECF Participant:

Mr. Dominic Alvord
Ms. Michelle Alvord
Plaintiffs Pro Se
1290 Tangerine Drive
St. Johns, FL 32259        Via U.S. Mail & CMRRR

>//s// Charles S. Frigerio
>CHARLES S. FRIGERIO

___