UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **DOMINIC ALVORD** § | |
| **AND MICHELLE ALVORD** § | |
| § | |
| PLAINTIFFS, § | |
| § | |
| V. § | |
| § | |
| **KENNETH WILKE, JAVIER SANCHEZ,** § | CASE NO. 3:17-CV-615-J-32MCR |
| **CLIFF HIRL, FREDERICKSBURG POLICE** § | |
| **DEPARTMENT, KERRVILLE POLICE** § | |
| **DEPARTMENT, CITY OF FREDERICKSBURG,** § | |
| **CITY OF KERRVILLE, 6 OR 7 JOHN DOES,** § | |
| § | |
| DEFENDANTS. § | |
| § | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE AND/OR MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE TIMOTHY J. CORRIGAN:

**NOW COME** OFFICER KENNETH WILKE (FORMER OFFICER OF THE CITY OF KERRVILLE), OFFICER JAVIER SANCHEZ (FREDERICKSBURG POLICE DEPARTMENT), OFFICER CLIFF HIRL (FREDERICKSBURG POLICE DEPARTMENT), FREDERICKSBURG POLICE DEPARTMENT, KERRVILLE POLICE DEPARTMENT, CITY OF FREDERICKSBURG, CITY OF KERRVILLE, Defendants in the above entitled and numbered cause and files this their Reply in Support of their Motion for Change of Venue pursuant to 28 U.S.C. § 1404(a) and/or in the alternative, Motion to Dismiss pursuant to 28 U.S.C. § 1391 and in support thereof would respectfully show unto the Court the following:

**I.**

Defendants assert unto the Court that Plaintiffs' claims are brought under RICO which contains a special venue provision under 18 U.S.C. §1965(a). The RICO Special Venue provision permits any civil action brought thereunder to be instituted in the District Court of the United States for any district in which (1) a defendant resides, (2) is found (3) has an agent or (4) transacts its affairs. In the case at bar, venue is not proper under the Special Venue Provision of RICO under 18 U.S.C. §1965(a).

However, Section1965 is not the exclusive source of venue for a RICO claim since a RICO Plaintiff may rely on the general venue provisions of 28 U.S.C. §1391. The general federal venue provided by 28 U.S.C. §1391(b) specifies three (3) places where venue would be proper:

(1) A judicial district where any defendant resides, if all defendants reside in the same state.

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or a substantial part of the property that is subject to the action is situated or,

(3) A judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Modaressi v. Vedadi*, 441 F.Supp.2d 51, 55 (D.D.C. 2006).

**II.**

Defendants Motion to Transfer Venue is governed by 28 U.S.C. § 1404(a) which permits changes of venue within the unified federal judiciary. *See*, ***American Aircraft Sales International, Inc. v. Airwarsaw, Inc***., 55 F.Supp.2d 1347 (M.D. Fla. 1999). This section states that for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §1404(a). The question of whether to transfer venue is a two-prong inquiry, which first requires that the alternative venue be one in which the action could have originally have been brought by the Plaintiff. In the case at bar, the case could have been brought in the Western District of Texas in

the San Antonio Division. The second prong requires Courts to balance private and public factors to determine if transfer is justified. The Court relies on a number of factors including:

(1) The convenience of the witnesses;

(2) The location of relevant documents and the relative ease of access to sources of proof;

(3) The convenience of the parties;

(4) The locus of operative facts;

(5) The availability of process to compel the attendance of unwilling witnesses;

(6) The relative means of the parties;

(7) A forms familiarity with the governing law.

(8) The weight accorded the plaintiff's choice of forum and,

(9) Trial efficiency and interest of justice based on the totality of circumstances.

*Manuel v. Convergys Corp*., 430 F.3d 1132, 1135 (11th Cir. 2005).

### III.

Defendants assert that under the convenience of the witnesses and convenience of parties, that the analysis weighs in favor of the Defendant's transfer to the Western District of Texas. Under the second and fourth prongs of location of relevant documents and location of operative facts, these factors weigh in favor of the Western District of Texas. Defendants further assert that the availability of process to compel attendance of unwilling witnesses and the trial efficiency and interest of justice based on the totality of the circumstances weighs in favor of the Western District of Texas. Plaintiffs rely on prong six concerning the relative means of the parties as their sole factor in retaining jurisdiction in the middle district of Florida. Defendants herein assert unto the Court that the majority of factors weigh heavily in transfer to the Western District of Texas. As

this Court addressed similar issues in *Harry Pepper & Associates, Inc. v. Western Surety*, 2017 W.L. 71891 (M.D. Fla. 2017)(1-6-2017).  In *Harry Pepper*, the Court weighed the events giving rise to the alleged cause of action and held that the factors weighed in favor of transfer.  This Court concluded that the totality of the circumstances militated in favor of transfer of venue to Mississippi from the Middle District of Florida.

In the case at bar, Defendants assert that from the totality of the circumstances transfer of this case should be to the Western District of Texas, San Antonio Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **OFFICER WILKE, OFFICER SANCHEZ, OFFICER HIRL, FREDERICKSBURG POLICE DEPARTMENT, KERRVILLE POLICE DEPARTMENT, CITY OF FREDERICKSBURG, CITY OF KERRVILLE** pray that that the Court grant Defendants' Motion to Transfer Venue to the Western District of Texas, San Antonio Division and/or in the alternative, to dismiss Plaintiffs' cause of action without prejudice for filing with improper venue and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email:  csfrigeriolaw@sbcglobal.net
           frigeriolaw1995@sbcglobal.net

BY: //s//Charles S. Frigerio
       CHARLES S. FRIGERIO
       Texas Bar No.:  07477500
       **LEAD COUNSEL**

Mr. Joseph R. Flood
**DEAN, RINGERS, MORGAN & LAWTON, P.A.**
201 East Pine Street, Suite 1200
Orlando, Florida 32801
Email: JFlood@drml-law.com
LOCAL COUNSEL

ATTORNEYS FOR DEFENDANTS
**KENNETH WILKE, JAVIER SANCHEZ, CLIFF HIRL, FREDERICKSBURG POLICE DEPARTMENT, KERRVILLE POLICE DEPARTMENT, CITY OF FREDERICKSBURG, CITY OF KERRVILLE, 6 OR 7 JOHN DOES,**

### CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2017, I filed the foregoing Defendants' Reply in Support of Its Motion To Transfer Venue with the Clerk of the Court via the CM/ECF Filing System which will send electronic delivery to counsel of record and via U.S. Mail to the Non-ECF Participant:

Mr. Dominic Alvord
Ms. Michelle Alvord
Plaintiffs Pro Se
1290 Tangerine Drive
St. Johns, FL 32259                                          Via U.S. Mail & CMRRR

//s// Charles S. Frigerio
CHARLES S. FRIGERIO